FREMONT CO-OPERATIVE PRODUCE CO. v. LIPMAN.

1. PAYMENT—BILLS AND NOTES.
    In an action on an open account, whether a note payable to defendant and indorsed by him was received by plaintiff in payment or as collateral security, *held*, a question for the jury under proper instructions.

2. SAME—OPEN ACCOUNT—EVIDENCE—STATEMENTS ADMISSIBLE.
    That plaintiff made statements of account covering other transactions to defendant after receiving the note, and made no mention of the item covered by the note, *held*, a circumstance to be weighed by the jury, with the other evidence, in determining whether the note was received in payment or as collateral security.

3. SAME—ESTOPPEL—INCONSISTENT CLAIMS.
   Defendant's conduct after the plaintiff had let the due date of the note pass without notice of dishonor, which was inconsistent with his present claim, *held*, to estop him from asserting that the note was given to plaintiff as payment and not as collateral security.

4. COURTS — FEDERAL COURT RECORDS NOT OPEN TO COLLATERAL ATTACK IN STATE COURT.
   Records of the Federal district court are not open to collateral attack in a State court.

Error to Newaygo; Barton (Joseph), J.    Submitted January 25, 1924.    (Docket No. 121.)    Decided March 5, 1924.

Assumpsit by the Fremont Co-operative Produce Company against Hyman Lipman for a balance due on open account.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*David I. Hubar* and *Charles B. Cross*, for appellant.

*William J. Branstrom*, for appellee.

CLARK, C. J.    Defendant owed plaintiff $1,000 on open account.    Plaintiff received of defendant a negotiable promissory note for $1,000, made by Crohon & Rhoden Co., Ltd., to defendant, indorsed by R. Rhoden.    Defendant indorsed before delivery to plaintiff.    The note was not due.    Plaintiff let the due date pass without taking any steps to hold the indorser Rhoden, and without notice to defendant.    The note was sent to a bank for collection and then forwarded to defendant's attorney.    Whether this was at defendant's direction was disputed.    Crohon & Rhoden Company were adjudged bankrupts in the district court of the United States for the western district of Michigan.    The records of that court show that upon petition of defendant time for proving claims in the cause was extended, and that claim was made

on the note in behalf of defendant.   And the following from an opinion of the trial judge: "the said claim of defendant against   *   *   *   bankrupts, has been allowed and defendant will participate with other creditors therein."   There is disputed testimony that, after the note had been sent to the bank, defendant promised plaintiff that he would pay the amount due. Plaintiff declared upon the account and upon the common counts.   Defendant pleaded the general issue, with notice of payment and set-off.   Special questions were submitted to the jury, and answered as follows:

"1. Was the note, defendant's Exhibit 5, deposited in the Old State Bank of Fremont by Mr. Burt (plaintiff's manager) at the request of Mr. Lipman, defendant?   Yes.

"2. Was the note, defendant's Exhibit 5, after being deposited in the Old State Bank of Fremont, returned to the defendant or his attorney and thereafter treated as his own property?   Yes.

"3. Did the defendant promise to pay the account of $1,000.00 after the note had been deposited with the Old State Bank of Fremont?   Yes."

Plaintiff had verdict and judgment.   Defendant brings error.

Whether plaintiff received the note in payment or as collateral security was a question of fact, correctly submitted.   The direct evidence was conflicting.   That plaintiff sent statements of account covering other transactions to defendant after receiving the note and made no mention of the item of $1,000 was a circumstance to be weighed by the jury with the other evidence in determining the question.   The finding of the jury has sufficient evidential support.

When plaintiff let the due date of the note pass without notice of dishonor, had defendant then taken and maintained the position that he now takes, namely, that the note was plaintiff's, probably the case would not be here.   But, by his subsequent conduct, found by the jury under proper instructions and sufficient

proof, he is estopped to assert such claim.    The records of the United States district court are not open to collateral attack here.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.